ACTION of ejectment for a tract of land in Indian River hundred, containing fifty acres more or less. The chain of title to the premises, adduced on behalf of the lessors of the plaintiff, began with the ownership in fee of them by William Walls, Sr., who died on or about the 17th day of November, 1806, after having made his last will and testament, dated the 22d day of January, A.D. 1797, and after his death duly probated and allowed before the register of wills in and for Sussex County, by which he devised as follows:
"Item 1st. I give and bequeath to my well-beloved sons, William Walls and James Walls, all my lands which I have deeded to them and their heirs and assigns forever, it being their part of my estate and all I intend for them.
"Item 2d. I give and bequeath to my well-beloved wife, Sarah *Page 448 
Walls, all my moveable estate that I am possessed with during her natural life and at her decease:
"Item 3d. I give to my well-beloved daughter, Bilinda Joseph, one cow.
"Item 4th. I also give and bequeath the residue of my estate at my wife's decease to my four grandchildren, that is to say, Nancy and Betsy Joseph, daughters of Bilinda Joseph, and also Bilinda and Frances Joseph, daughters of Rebecca Joseph, to be equally divided between the four."
William Walls, the devisee named in the will afterwards died intestate seized of the lands devised to him in it and left issue four children, viz., William Walls, Hugh Walls, Benjamin Walls and Sallie Walls. William, Hugh and Sallie died intestate and without issue, and Benjamin, the survivor of them, removed to the west when a young man, and neither he nor any descendant of his has been heard from since and are therefore legally presumed to be dead.
The lineal descendants of the said William Walls, the devisee aforesaid, having become extinct, the land descended to and became the property of his collateral kin, who were his brothers and sisters, viz., Charles Walls, James Walls, Bilinda Walls and Rebecca Walls. The said Charles Walls and James Walls died intestate and without issue, or if they left issue, it was never known. Bilinda Walls intermarried with and became the wife of Jonathan Joseph and afterwards died intestate leaving issue two daughters, viz., Nancy Joseph and Betsy Joseph. The latter, Betsy Joseph, died intestate and without issue after becoming the wife of Zaccariah Tam. Nancy Joseph intermarried with, and became the wife of William Wilson and afterwards died intestate leaving issue one child, viz., Jonathan I. Wilson, who afterwards married and died intestate as to these lands, and left issue, George F. Wilson, Nathaniel II. Wilson, Elias R. Wilson, Kendal B. Wilson and William Wilson, of the parlies plaintiffs in this suit.
Rebecca Walls, the other sister of the said William Walls, the devisee named in said last will and testament, intermarried with and became the wife of Isaac Joseph and afterwards died *Page 449 
intestate, leaving issue two daughters, viz., Bilinda Joseph and Frances Joseph. Frances died intestate and without issue. Bilinda intermarried with, and became the wife of Jacob Hurdle, and afterwards died intestate and left issue four children, viz., Joseph Hurdle, William Hurdle, Jacob F. Hurdle and Eliza A. Hurdle, the other party plaintiffs in this suit.
It appeared in the testimony of the witnesses that Benjamin Walls, one of the sons of William Walls named with his brother, James Walls, as the devisee of the land in the will, had married before he left the State and took with him three children when he removed to the west, but neither he or they, or either of them, had been heard from for forty-five or fifty years.
The defendant was called and examined as a witness and stated that the only title which he claimed to the land in question was a mere possession of it by him for the last four years. He had known it for several years past, but as vacant and unenclosed land without any apparent owner or any one claiming to own it, until after he had taken possession of it; and does not know that any one else has ever had possession of it.
Cullen, for the defendant, submitted a motion for a nonsuit.
In such a case as this, in order to show the heirship of the claimant, he must prove his descent from the person last seized, when he claims as lineal heir, or the descent of himself and the person last seized from some common ancestor, or at least from two brothers or sisters, if he claims collaterally; together with the extinction of all those lines of descent which would claim before him. This is done by proving the marriages, births and deaths necessary to complete his title, and showing the identity of the several parties. Thus, supposing A, the claimant, and B, the person last seized, to be cousins, descended from a common ancestor, C, B being the only child of D, the elder son of C, and A, the only child of E, the younger son of C. In this case, A must prove the marriage of C, the birth and marriage of D, the birth, marriage and death of E, the birth and death without issue of B, and his own birth; for it is a maxim of law that he who asserts the death of another, who was once living, must *Page 450 
prove his death, whether the affirmative issue that he be dead or living. Adams on Ejectment, 282, 283; Wilson and Others v. Hodges and Another, 2 East., 312.
White (I. H. Paynter with him) for the plaintiff. The presumption is that Benjamin Walls, the devisee, who married in this State and afterwards removed from it with a family of three children to the west as much as forty-five or fifty years ago, are all dead without leaving issue, as nothing has been heard of or from them, or either of them, for many years, far more than seven years past, by any relation of theirs living in this State; for in a pedigree, persons presumed to be dead are presumed to have died unmarried and without issue. Doe d. Oldnall and Wife v. Deakin and Another, 17 E. C. L. Rep., 300. And in another case in which about a hundred and forty years had elapsed since any of the older heirs had been heard of, the court left it to the jury to presume that they were all dead without issue, as no evidence had been adduced by the defendant to give the jury the slightest idea of their existence. Oldham v. Woolley, 15 E. C. L. Rep., 22; 1 Greenl. Ev., § 41.
Cullen, in reply, cited 2 Greenl. Ev., §§ 278e, 278f; 1 Barb., Ch. Rep., 455.
The Court,
after referring to Abbott's Trial Evidence, chap 4, §§ 24, 25, and Adams on Ejectm., 282, said that it was the opinion of the court upon the evidence before them that they ought to decline to instruct the jury to presume that the said Benjamin Walls and his family of children living when he left the State for the west, are now all dead without issue; and that we must therefore grant the motion for a nonsuit. *Page 451